UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIE HUGH WALKER, JR., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, PUGET SOUND NAVAL SHIPYARD, in its official capacity as Plaintiff's Federal Employer, and SECRETARY OF LABOR OFFICE OF WORKERS' COMPENSATION PROGRAMS in its official capacity as Administrator of a Federal Law for Federal Employees' employment related injuries sustained while in the performance of a duty, <br><br> Defendants. | Case No.  C05-5742RJB <br><br> ORDER DENYING MOTIONS FOR COURT APPOINTED COUNSEL and RELIEF FROM JUDGMENTS |

This matter comes before the Court on Plaintiff's Motion by Plaintiff for an [sic] Court Appointed Counsel (Dkt. 6) and Motion by Plaintiff for this Court to Relieve Him of Prior Judgments by Including Said Judgments in his Present Action (Dkt. 7).  This Court has reviewed the motions and the remaining file herein.

## I. DISCUSSION

On November 14, 2005, Plaintiff filed a civil suit against the United States, the Puget Sound Naval Shipyard, and the Secretary of Labor for the Office of Workers' Compensation Programs and moved for leave to proceed *in forma pauperis*. Dkt. 1. He has not worked since around 1992, receives service-connection disability payments of $846.00 per month, and has a car valued at about $1,000.00.  Dkt. 1-1.  Plaintiff was granted leave to proceed *in forma pauperis*. Dkt. 2. Plaintiff now moves the Court to appoint counsel and relieve him of various prior judgments.  Dkts. 6 and 7.

ORDER - 1

## APPOINTMENT OF COUNSEL

"It is well established that there is no constitutional right to counsel in civil cases." *U.S. v. Sardone,* 94 F.3d 1233, 1236 (9th Cir. 1996). Under 28 U.S.C. § 1915(e)(1), the court may appoint an attorney to represent any person unable to afford counsel. Under Section 1915, "counsel should only be appointed in exceptional circumstances, based on such factors as the likelihood of success on the merits and the ability of the plaintiff to articulate his claims in light of their complexity." *Wood v. Housewright,* 900 F.2d 1332, 1335 (9th Cir. 1990) (*quoting Wilborn v. Escalderon,* 789 F.2d 1328 at 1331 (9th Cir. 1986).

Plaintiff has failed to establish exceptional circumstances warrant appointment of counsel in this matter. Plaintiff has not shown that he is likely to succeed on the merits. He has not shown he is unable to articulate the instant case's claims pro se. Plaintiff is able to articulate his positions adequately and raise issues to the Court. Plaintiff's motion for appointment of counsel should be denied.

## RELIEF FROM JUDGMENTS

Plaintiff moves this Court to "relieve him of the Seattle District Court's Judgments on said actions being Civil Action No. C 85-1049 C and C86-1103 WD in order to defeat injustice and unlawful acts committed by employees of agencies of the United States." Dkt. 7, at 1-2. Plaintiff acknowledges he had counsel and that counsel appealed rulings in these matters to the Ninth Circuit. *Id.* at 3-4. Plaintiff complains his counsel failed to appeal the Ninth Circuit rulings to the United States Supreme Court. *Id.* at 4.

Plaintiff's motion for relief from these two judgments should be denied. This Court does not have the authority to review rulings made by the "Seattle District Court" or the Ninth Circuit. There is no legal basis upon which this motion may be granted.

ORDER - 2

## II.  ORDER

Therefore, it is now

**ORDERED** that Plaintiff's Motion by Plaintiff for an [sic] Court Appointed Counsel (Dkt. 6) is **DENIED**, and Plaintiff's Motion by Plaintiff for this Court to Relieve him of Prior Judgments by including said Judgments in His Present Action (Dkt.7) is **DENIED**.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

DATED this 20th day of January, 2006.

*Robert J. Bryan*
Robert J. Bryan
United States District Judge

ORDER - 3