1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIE HUGH WALKER, JR.,

          Plaintiff,

       v.

UNITED STATES OF AMERICA, PUGET
SOUND NAVAL SHIPYARD, in its official
capacity as Plaintiff's Federal Employer, and
SECRETARY OF LABOR OFFICE OF
WORKERS' COMPENSATION PROGRAMS
in its official capacity as Administrator of a
Federal Law for Federal Employees'
employment related injuries sustained while in
the performance of a duty,

          Defendants.

Case No.  C05-5742RJB

ORDER DENYING MOTION FOR
DEFAULT JUDGMENT

This matter comes before the Court on Plaintiff's Motion for an [sic] Judgment by Default

Against the Defendant.  Dkt. 11.  This Court has considered the pleadings filed in support of and in

opposition to the Motion, and the remaining file herein.

## I.  FACTS

On November 14, 2005, Plaintiff filed a civil suit against the United States, the Puget

Sound Naval Shipyard, and the Secretary of Labor for the Office of Workers' Compensation

Programs.  Dkt. 1.  On February 13, 2006, Plaintiff filed a pleading entitled "Plaintiff's Proof of

Service Upon All Said Defendants in this Action."  Dkt. 10-1.  Plaintiff states in this pleading that

> [O] n January 13, 2006, [two copies of the summons and complaint] were served
> together at the United States Attorney's Office for the Northern District of
> Alabama, located in Birmingham, Alabama.  With instruction from the Plaintiff for
> them to forward one summons and complaint to their United States Attorney's
> Office, located in Seattle, Washington, and to forward the other said summons and
> complaint to the United States Department of the Navy's Puget Sound Naval
> Shipyard, located in Bremerton, Washington.  "Refer to the summons for said
> Defendants correct addresses."

ORDER - 1

Dkt. 10-1.  The pleading continues, "[t]he attached U.S. Postal Service Certified Mail Receipt dated December 8, 2005, establishes that the Plaintiff's summons and complaint in this action, was served together on the United States Secretary of Labor OWPC." *Id.*  The certified mail receipt lists the following in the "sent to" box:  U.S. Department of Labor, DFEC Central Mailroom, P.O. Box 8300, London, KY 40742-8300.  Dkt. 10-2, at 5.  Plaintiff now moves for a default judgment against the United States of America because the United States Attorney's Office has failed to plead or defend the above entitled action.  Dkt. 11.  In opposition to the Motion, the U.S. Attorney argues the United States has not been properly served and has sixty days after proper service to answer (pursuant to Rule 4(i)(1)(A); 12(a)(3)).  Dkt. 15.

## II.  DISCUSSION

Fed. Civ. R. Pro. 55 provides that upon motion, a default judgment shall be entered where a party, against whom a judgment for affirmative relief is sought, fails to plead or otherwise defend.  "A failure to make a timely answer to a properly served complaint will justify the entry of a default judgment." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir.1986), *amended* 807 F.2d 1514, *cert. denied*, 108 S.Ct. 198 (1987).  Fed. R. Civ. Pro. 4(i) states service upon the United States shall be effectuated:

> **(1)(A)** by delivering a copy of the summons and of the complaint to the United States attorney **for the district in which the action is brought** or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and
>
> **(B)** by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and
>
> **(C)** in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to the officer or agency.

(2)(A) Service on an agency or corporation of the United States, or an officer or employee of the United States sued only in an official capacity, is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by also sending a copy of the summons and complaint by registered or certified mail to the officer, employee, agency, or corporation.

*Emphasis added.*

Plaintiff failed to properly serve the Defendants in this matter pursuant to Rule 4.  Although Plaintiff has brought this action in the Western District of Washington, Plaintiff served the United States Attorney in Alabama and the United States Secretary of Labor in Kentucky.  Dkt. 10-1. The record fails to indicate whether the Attorney General of the United States in Washington D.C. was served.  Plaintiff's motion for default should be denied.

## II.   ORDER

Therefore, it is now **ORDERED** that Plaintiff's Motion for an [sic] Judgment by Default Against the Defendant (Dkt. 11) is **DENIED**.

The Clerk of the Court is instructed  to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

DATED this 20th day of March, 2006.

Robert J. Bryan
United States District Judge

ORDER - 3