UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIE HUGH WALKER, JR.,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, PUGET SOUND NAVAL SHIPYARD, in its official capacity as Plaintiff's Federal Employer, and SECRETARY OF LABOR OFFICE OF WORKERS' COMPENSATION PROGRAMS in its official capacity as Administrator of a Federal Law for Federal Employees' employment related injuries sustained while in the performance of a duty,<br><br>    Defendants. | Case No.  C05-5742RJB<br><br>ORDER |

This matter comes before the Court on Defendants' Motion to Dismiss and Motion for Injunctive Relief (Dkt. 24), Motion to Stay Discovery Pending Resolution of Motion to Dismiss (Dkt. 26), Motion by the Plaintiff for an [sic] Judgment by Default Against the Defendant (Dkt. 32), and Plaintiff's Motion to File Exhibits (Dkt. 31).  This Court has considered the pleadings filed in support of and in opposition to these motions, and the remaining file herein.

## I.  FACTS

On November 14, 2005, Plaintiff filed a civil suit against the United States, the Puget Sound Naval Shipyard ("PSNS"), and the Secretary of Labor for the Office of Workers' Compensation Programs ("OWCP").  Dkt. 3.  His claims arise from his employment as a sandblaster at the PSNS from 1979 to 1984, and the Defendants' subsequent handling of his

ORDER - 1

various workers' compensation claims pursuant to the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 8128. *Id.* The details of his employment and history regarding his workers' compensation claims are set forth in Defendants' motion to dismiss and need not be repeated here except as follows. Dkt. 24, at 3-10.

Plaintiff's Complaint indicates that at some time during his employment he was placed on light duty, but was ordered to return to his regular duties in February of 1983. Dkt. 3, at 4. Plaintiff's Complaint alleges that as a result of having contact "with offending agents" he "sustained an allergic sensitization injury and disease, which from February 1983 through July 1983 caused Plaintiff's eczema, asthma and urticaria injuries, along with allergy to molds, pollens and latex injury, while in performance of his duties as a sandblaster for Defendant PSNS." *Id.* at 3. Plaintiff claims, in his Complaint, that as a result of being ordered back to his regular duties, Defendants violated his "equal protection and due process rights because the Plaintiff was denied of his rights to receive reasonable accommodation for his said physical handicaps and work restrictions, in clear violation of Section 501 of the Rehabilitation Act of 1973." *Id.* at 5.

Plaintiff further alleges that his equal protection and due process rights, and the FECA were violated when Defendant OWCP denied his "employment related urticaria and allergy to molds, pollens and latex claims" due to lack of medical evidence. *Id.* at 5, 8. Plaintiff alleges that OWCP's decision, in January of 2004, to designate his "employment related asthma claim" a "temporary aggravation" violated his equal protection and due process rights, and the FECA, because there was medical evidence to the contrary. *Id.* at 9. Plaintiff also makes allegations regarding the manner in which the Defendants were processing his FECA claims. For example, Plaintiff alleges that Defendant PSNS's failure to timely a complete worker's compensation form in June of 2004, violated his equal protection and due process rights. *Id.* at 10.

This matter is one of several actions brought in U.S. District Court by Plaintiff against the United States, and its agencies and employees regarding his employment at PSNS and the denial of his worker's compensation benefits. In May of 1996, Plaintiff filed suit in U.S. District Court

ORDER - 2

under the Federal Tort Claims Act ("FTCA") alleging OWCP erroneously denied his claim for benefits, committed various torts including "negligence, medical malpractice, wantonness, wilfulness, and constitutional violations," (Case No. C96-842). Dkt. 24-2, at 25-37. The case was dismissed for 1) lack of subject matter jurisdiction due to Plaintiff's failure to file an administrative tort claim, 2) lack of subject matter jurisdiction to review denial of worker's compensation benefits, and 3) a finding that his constitutional claims were not cognizable under FTCA. Dkt. 24-3, at 2-3. On August 4, 1997, Plaintiff filed suit under the FTCA against the United States, OWCP, PSNS and various individual employees of the United States, (No. C97-1279). *Id*. at 11-23. Plaintiff's Complaint alleged that his worker's compensation claims had been denied because he was black, and therefore deprived him of equal protection, and that he had been deprived of due process in the denial of his claims. *Id*. The matter was dismissed upon the government's motions for summary judgment because Plaintiff failed to support his equal protection claim with sufficient evidence and the evidence established that he had no valid due process claim. *Id*. at 27-28 and 30-32. In June of 2003, Plaintiff again filed suit in the Western District of Washington, (No. C03-1418RSL). Dkt. 24-4, at 18-25. In that matter, Plaintiff alleged that PSNS failed to supply him with adequate protective clothing, PSNS negligently and wantonly ordered him back to work even though he had demonstrated that repeated exposure was worsening his condition, and that sending him back to his regular duties constituted medical malpractice. *Id*. He alleged PSNS and OWCP conspired against him to deny his worker's compensation benefits. *Id.* Plaintiff alleged violations of his equal protection and due process rights. *Id.* Plaintiff alleged that OWCP's denial of his claims amounted to fraud. *Id.* The action was dismissed because: 1) Plaintiff's claims under the FTCA were not properly exhausted and they were barred by the exclusive remedy provision of the FECA, 2) Plaintiff failed to allege sufficient facts to support his fraud or civil conspiracy claims, 3) the United States did not waive sovereign immunity and so any monetary damages asserted for alleged violations of his equal

ORDER - 3

protection or due process rights would be barred, and 4) lack of subject matter jurisdiction to review the merits of his worker's compensation claim. Dkt. 24-5, at 23-27.

## *PENDING MOTIONS*

Defendants move for dismissal of Plaintiff's complaint arguing that: 1) the majority of Plaintiff's Claims are barred by *Res Judicata*, 2) Plaintiff's claims regarding the processing of his FECA claims since April 28, 2004 are barred because he has not exhausted administrative remedies, 3) Plaintiff fails to state a claim upon which relief can be granted with respect to the alleged bad faith processing of his FECA claims since April 28, 2004 under the FTCA, 3) judicial review of the merits of Plaintiff's FECA claim is precluded by 5 U.S.C. § 8128(b), 4) Plaintiff's constitutional claims regarding the processing of his FECA claims since April 28, 2004 should be dismissed because Plaintiff has alleged no facts to support his claims. Dkt. 24. Defendants also move this Court to enjoin Plaintiff from filing future complaints based on facts related to injuries he allegedly suffered while employed at the PSNS and any related FECA claims based on those injuries. Dkt. 24, at 21-23.

Plaintiff moves for a default judgment against Defendants, arguing Defendants have not filed an answer. Dkt. 31. Plaintiff and also asks for leave to file exhibits to add to his complaint. Dkt. 32.

## II. **DISCUSSION**

### A.     **STANDARD**

On a motion to dismiss, a court may dismiss a claim if it appears beyond doubt that the plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983), *citing Conley v. Gibson*, 355 U.S. 41, 45-56 (1957). Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). However, a plaintiff must plead factual allegations with specificity; vague and conclusory

ORDER - 4

allegations of fact fail to state a claim for relief. *Colburn v. Upper Darby Township*, 838 F.2d 663, 666 (3rd Cir. 1988).

### B. *RES JUDICATA* - CLAIMS RELATING TO EVENTS PRIOR TO DISMISSAL OF 2003 CASE

Res judicata (claim preclusion) bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action. *Western Radio Servs. Co. v. Glickman,* 123 F3d. 1189, 1192 (9th Cir. 1997) (*citing Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398 (1981)). "In order for *res judicata* to apply there must be: 1) an identity of claims, 2) a final judgment on the merits, and 3) identity or privity between parties." *Id.* (*citing Blonder-Tongue Lab. v. University of Ill. Found.,* 402 U.S. 313, 323-24 (1971)). "The central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts." *Frank v. United Airlines, Inc.,* 216 F.3d 845, 851 (9th Cir. 2000)(*internal citations omitted*).

Excluding the claims based upon events which occurred after the April 28, 2004 order dismissing case No. C03-1418RSL, Plaintiff's claims are barred by *res judicata*. In the present action, Plaintiff has asserted his equal protection and due process rights were violated when 1) Defendant PSNS ordered him to return to his regular duties without accommodating his handicaps, and 2) Defendant OWCP denied various workman's compensation claims. Dkt. 3. In Plaintiff's 2003 case, he brought claims against PSNS for negligently, wantonly and willfully ordering him back to his regular duties despite his limitations. Dkt. 24-4, at 20-21. Moreover, in his 2003 action, Plaintiff alleged that PSNS and OWCP violated his "equal protection rights" and due process rights when they denied his workman's compensation benefits. Dkt. 24-4, at 22-23. There is no dispute that the transactional nucleus of facts and parties are identical. All Plaintiff's claims which were predicated on facts occurring before the April 28, 2004 dismissal could have been brought or were brought in the 2003 case, and so are barred by *res judicata*. This includes a claim under the Rehabilitation Act, to the extent Plaintiff is bringing one now. Moreover, Plaintiff does not dispute the finality of the prior judgment. Plaintiff merely argues that this Court cannot

ORDER - 5

review rulings made in the "Seattle District Court." Dkt. 30, at 2. It is precisely because this Court cannot review rulings of its sister court that *res judicata* bars a majority of Plaintiff's claims (those based on facts prior to April 28, 2004).

### C. CLAIMS RELATING TO EVENTS AFTER DISMISSAL OF 2003 CASE

Plaintiff attacks the matter in which Defendants processed his FECA claims after the April 28, 2004 order and the fact that they continue to deny his claim. Dkt. 3. Plaintiff appears to be claiming a violation of the FTCA, in part, in that he is alleging Defendants processed his FECA claims in bad faith or in a negligent manner. Plaintiff's claims should be dismissed. Under the FTCA, "a tort claim against the United States 'shall be forever barred' unless it is presented within two years after the claim accrues." *Cato v. United States,* 70 F.3d 1103, 1107 (9th Cir. 1995) (*citing* 28 U.S.C. § 2401(b)). Plaintiff failed to file an administrative claim and thus has not timely exhausted his administrative remedies. Dkt. 24, at 13.

Moreover, federal court review of the merits of Plaintiff's FECA claim is generally precluded by 5 U.S.C. § 8128(b). *See Rodrigues v. Donovan*, 769 F.2d 1344 (9th Cir. 1985). Under 5 U.S.C. § 8128(b), a decision by the Secretary of Labor (or his designee) in allowing or denying payment is not subject to review by another official of the United States or by a Court by mandamus or otherwise. The Ninth Circuit has determined that federal courts do retain jurisdiction to review substantial constitutional claims. *See Rodrigues* at 1348.

To the extent that Plaintiff is attempting to urge the Court to overturn the Defendants' denial of benefits since April 28, 2004, on non-constitutional grounds, his claims should be dismissed because the Court has no jurisdiction upon which to act. (The Court notes that in his Response, Plaintiff merely urges the Court review his medical records and make an independent determination regarding the award of benefits.) Dkt. 30.

To the extent that Plaintiff is alleging his FECA claims should have been granted since April 28, 2004, based on constitutional grounds, his claims should also be dismissed, but without

ORDER - 6

prejudice. Plaintiff fails to allege any facts which support his equal protection or due process claim. Plaintiff merely indicates that he is a member of a protected class (he is black) and states that his equal protection and due process rights were violated. Dkt. 3. Plaintiff's vague allegations of constitutional violations provide no basis for this Court to review the merits of his workers' compensation claims. Plaintiff should be given leave to amend his complaint, if he so chooses, upon the following narrowly drawn grounds: facts which have arisen after the April 28, 2004 order dismissing his 2003 case, which he alleges support substantial constitutional violations in the denial of his FECA benefits. Plaintiff is cautioned that to the extent he may consider seeking money damages for a constitutional violation, his claim would be barred as a matter of law as the United States and its agencies have not waived their sovereign immunity from lawsuits seeking money damages for constitutional damages. *See Daly-Murphy v. Winston*, 837 F.2d 348, 356 (9th Cir. 1987).

### D.   DEFENDANTS' MOTION FOR INJUNCTIVE RELIEF

Defendants seek an order from this Court enjoining Plaintiff from filing future complaints based on facts related to the injuries he allegedly suffered while employed at PSNS and any related FECA claims based on those injuries. Dkt. 24-1, at 21. At this stage in this case, the Court can not say that an injunction of this nature is appropriate. However, the Court has carefully reviewed the record and strongly cautions Plaintiff to avoid filing anything which is frivolous or is intended to harass others in violation of Fed. Civ. R. Pro. 11. Sanctions for violating Rule 11 include the imposition of fines or dismissal of the case with prejudice. Plaintiff, should he choose to amend his complaint, should limit his constitutional claims and factual allegations to events occurring after the April 2004 dismissal of the 2003 case, and be mindful that monetary damages are barred.

### E.   DEFENDANTS' MOTION TO STAY DISCOVERY

Defendants move for a stay of discovery pending a decision on their motion to dismiss. Dkt. 26-1. Pursuant to Fed. R. Civ. Pro. 26(c), for good cause shown, the Court may make an order regarding discovery, which justice requires to protect a party from annoyance,

ORDER - 7

1  embarrassment, oppression, or undue burden or expense including that the discovery not be had.

2  Defendants' motion to stay discovery should be granted. Plaintiff currently pleads no

3  viable claims. Any discovery requests he now makes would create an undue burden and expense

4  for the Defendants.

### F. PLAINTIFF'S MOTIONS FOR DEFAULT AND TO FILE EXHIBITS

Fed. Civ. R. Pro. 12(b) provides that upon motion, a default judgment shall be entered where a party, against whom a judgment for affirmative relief is sought, fails to plead or otherwise defend. Plaintiff's Motion for Default (Dkt. 32) and Motion to File Exhibits (Dkt. 31) should be stricken as moot because all his claims have been dismissed by this order.

## II. ORDER

Therefore, it is now **ORDERED** that:

- Defendants' Motion to Dismiss (Dkt. 24) is **GRANTED, IN PART, AND DENIED IN PART**. All Plaintiff's claims are dismissed with prejudice except Plaintiff's constitutional claims regarding the denial of his FECA benefits based upon events occurring since April 28, 2004, which are dismissed without prejudice. Plaintiff, if he so chooses, may amend his complaint within 14 days of the date of this order in keeping with the above findings. Failure to file an amended complaint within the time allotted will result in dismissal of the action with prejudice.
- Defendant's Motion for Injunctive Relief (Dkt. 24) is **DENIED**;
- Motion to Stay Discovery Pending Resolution of Motion to Dismiss (Dkt. 26) is **GRANTED**.
- Plaintiff's Motion for an [sic] Judgment by Default Against the Defendant (Dkt. 32) is **STRICKEN AS MOOT**.
- Plaintiff's Motion to File Exhibits (Dkt. 31) is **STRICKEN AS MOOT**.

1    The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

DATED this 18th day of July, 2006.

*Robert J. Bryan* (signature)
Robert J. Bryan
United States District Judge