UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIE HUGH WALKER, JR., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, PUGET SOUND NAVAL SHIPYARD, in its official capacity as Plaintiff's Federal Employer, and SECRETARY OF LABOR OFFICE OF WORKERS' COMPENSATION PROGRAMS in its official capacity as Administrator of a Federal Law for Federal Employees' employment related injuries sustained while in the performance of a duty, <br><br> Defendants. | Case No. C05-5742RJB <br><br> ORDER GRANTING MOTION TO AMEND |

This matter comes before the Court on Plaintiff's Motion to Amend Complaint (Dkt. 35). This Court has considered the pleadings filed in support of and in opposition to the motion, and the remaining file herein.

## I.  FACTS

On November 14, 2005, Plaintiff filed a civil suit against the United States, the Puget Sound Naval Shipyard ("PSNS"), and the Secretary of Labor for the Office of Workers' Compensation Programs ("OWCP").  Dkt. 3.  His claims arise from his employment as a sandblaster at the PSNS from 1979 to 1984, and the Defendants' subsequent handling of his various workers' compensation claims pursuant to the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 8128.  *Id.*

ORDER - 1

On July 18, 2006, Plaintiff's complaint was dismissed with prejudice excepting those constitutional claims based on events occurring after April 28, 2004. Dkt. 34. Plaintiff's claims regarding events which occurred prior to April 28, 2004 were found to be barred by res judicata. *Id.* Plaintiff's claims, which were not based on the constitution, regarding events occurring after April 28, 2004, were dismissed because federal court review was precluded by 5 U.S.C. § 8128(b). *Id.* Plaintiff's constitutional claims based on events occurring after April 28, 2004, were dismissed without prejudice due to Plaintiff's failure to allege sufficient facts to support his claims. *Id.* Plaintiff was given fourteen days to file an amended complaint. *Id.* Plaintiff timely filed the present Motion to Amend Complaint. Dkt. 35. Aside from the first paragraph of the pleading, it appears that Plaintiff intends this document to serve as his amended complaint. *Id.*

## II.   DISCUSSION

Fed. R. Civ. P. 15(a) permits a party to amend its pleading "only by leave of the court, or by written consent of the adverse party." Leave is freely given when justice so requires. *Id.*

Plaintiff should be granted leave to amend his complaint. Plaintiff filed his proposed amended complaint in a timely fashion. Defendants indicate that they have no objection to Plaintiff's motion, but anticipate filing a motion to dismiss the amended complaint. Dkt. 36. Accordingly, Plaintiff's motion should be granted.

## II.   ORDER

Therefore, it is now **ORDERED** that Plaintiff's Motion to Amend Complaint (Dkt. 35) is **GRANTED**.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

DATED this 21st day of August, 2006.

_Robert J Bryan_
Robert J Bryan
United States District Judge

ORDER - 2