UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIE HUGH WALKER, JR., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, PUGET SOUND NAVAL SHIPYARD, in its official capacity as Plaintiff's Federal Employer, and SECRETARY OF LABOR OFFICE OF WORKERS' COMPENSATION PROGRAMS in its official capacity as Administrator of a Federal Law for Federal Employees' employment related injuries sustained while in the performance of a duty, <br><br> Defendants. | Case No. C05-5742RJB <br><br> ORDER GRANTING DEFENDANTS' MOTION TO DISMISS CLAIMS IN PLAINTIFF'S AMENDED COMPLAINT |

This matter comes before the Court on Defendants' Motion to Dismiss Claims in Plaintiff's Amended Complaint. Dkt. 38-1. This Court has considered the pleadings filed in support of and in opposition to this motion, and the remaining file herein.

## I. **FACTS**

This matter is one of several actions brought in U.S. District Court by Plaintiff against the United States, and its agencies and employees regarding his employment at Puget Sound Naval Shipyard ("PSNS") as a sandblaster from 1979 to 1984, and the Defendants' subsequent handling of his various workers' compensation claims pursuant to the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 8128.

ORDER - 1

In May of 1996, Plaintiff filed suit in U.S. District Court under the Federal Tort Claims Act ("FTCA") alleging Secretary of Labor for the Office of Workers' Compensation Programs ("OWCP") erroneously denied his claim for benefits, committed various torts including "negligence, medical malpractice, wantonness, wilfulness, and constitutional violations," (Case No. C96-842). Dkt. 24-2, at 25-37.  The case was dismissed for 1) lack of subject matter jurisdiction due to Plaintiff's failure to file an administrative tort claim, 2) lack of subject matter jurisdiction to review denial of workers' compensation benefits, and 3) a finding that his constitutional claims were not cognizable under FTCA. Dkt. 24-3, at 2-3.  On August 4, 1997, Plaintiff filed suit under the FTCA against the United States, OWCP, PSNS and various individual employees of the United States, (No. C97-1279). *Id*. at 11-23.  Plaintiff's Complaint alleged that his worker's compensation claims had been denied because he was black, and therefore deprived him of equal protection, and that he had been deprived of due process in the denial of his claims. *Id*.  The matter was dismissed upon the government's motions for summary judgment because Plaintiff failed to support his equal protection claim with sufficient evidence and the evidence established that he had no valid due process claim. *Id*. at 27-28 and 30-32.  In June of 2003, Plaintiff again filed suit in the Western District of Washington, (No. C03-1418RSL).  Dkt. 24-4, at 18-25.  In that matter, Plaintiff alleged that PSNS failed to supply him with adequate protective clothing, PSNS negligently and wantonly ordered him back to work even though he had demonstrated that repeated exposure was worsening his condition, and that sending him back to his regular duties constituted medical malpractice. *Id*.  He alleged PSNS and OWCP conspired against him to deny his worker's compensation benefits. *Id*.  Plaintiff alleged violations of his equal protection and due process rights. *Id*.  Plaintiff alleged that OWCP's denial of his claims amounted to fraud. *Id*. The action was dismissed on April 28, 2004 because:  1) Plaintiff's claims under the FTCA were not properly exhausted and they were barred by the exclusive remedy provision of the FECA, 2) Plaintiff failed to allege sufficient facts to support his fraud or civil conspiracy claims, 3) the United States did not waive sovereign immunity and so any monetary damages asserted for alleged

ORDER - 2

violations of his equal protection or due process rights would be barred, and 4) lack of subject matter jurisdiction to review the merits of his worker's compensation claim. Dkt. 24-5, at 23-27.

On November 14, 2005, Plaintiff filed his first complaint in this suit against the United States, PSNS, and OWCP. Dkt. 3. On July 18, 2006, Plaintiff's claims relating to events occurring before April 28, 2004 were dismissed with prejudice because they were barred by *res judicata*. Dkt. 34. April 28, 2004 was the date cause number C03-1418RSL, (filed in the Western District of Washington) was dismissed. All non-constitutional claims related to events occurring after April 28, 2004 were also dismissed with prejudice because Plaintiff had not exhausted his administrative remedies as required by the FTCA, and because federal court review of the merits of Plaintiff's FECA claim is generally precluded by 5 U.S.C. § 8128. Dkt. 34, at 6. Plaintiff's constitutional claims, based on events occurring after April 28, 2004, were dismissed without prejudice because Plaintiff failed to allege sufficient facts to support those claims. *Id*. Plaintiff was given fourteen days to amend his complaint upon the following narrowly drawn grounds: "facts which have arisen after the April 28, 2004 order dismissing his 2003 case, which Plaintiff alleges support substantial constitutional violations in the denial of his FECA benefits." *Id.*, at 7. Plaintiff was cautioned that monetary damages would be barred as a matter of law for claims that his constitutional rights were violated in the denial of his FECA claim, as the United States and its agencies have not waived their sovereign immunity from lawsuits seeking money damages for constitutional violations in this context. *Id*. (*citing Daly-Murphy v. Winston*, 837 F.2d 348, 356 (9th Cir. 1987)).

Plaintiff filed an Amended Complaint on July 27, 2006. Dkt. 35. Plaintiff's claims arise from two written decisions by OWCP. Dkt. 35. The first is a letter dated January 30, 2004, which opened Plaintiff's employment related asthma injury claim, but only for temporary aggravation and not for permanent disability. *Id*. at 2-3. The second decision was a determination that Plaintiff was not disabled and was not entitled to wage compensation. *Id*. Plaintiff's Amended Complaint states that 1) OWCP "denied him of his equal protection rights guaranteed by U.S.C.A. Const.

ORDER - 3

1  Amend 14, by concluding that their correspondence dated January 30, 2004 was not intended as,
2  nor does it constitute a decision, causing Plaintiff to be denied of his right to file an Appeal," 2)
3  OWCP's May 27, 2005, decision to deny Plaintiff's FECA claim for benefits "denied Plaintiff of
4  his equal protection rights guaranteed by U.S.C.A. Const. Amend. 14, because Plaintiff had
5  provided said defendant with a medical report dated June 8, 2004" which indicated he was
6  disabled, 3) OWCP committed fraud against Plaintiff "when stating in their decision dated May 27,
7  2005, that at the time of Plaintiff's termination his employing agency was providing him light duty
8  for his work injury" and "when stating in their decision dated May 27, 2005, that he have [sic] not
9  provided any evidence that his employing agency committed any error or abuse in his case, because
10 the Plaintiff had provided said defendant with two medical reports . . . . But because of Plaintiff's
11 race (Black), said Defendant so negligently, wantonly or willfully concluded that Plaintiff have not
12 provided them with any evidence that his employing agency had committed any error or abuse in
13 his case." Dkt. 35. Plaintiff seeks $5,000,000.00 dollars in damages. *Id*.

14    Defendant now files this Motion to Dismiss Plaintiff's Amended Complaint arguing: 1)
15 claims in the Amended Complaint based on events before April 28, 2004, and non-constitutional
16 claims based on events after April 28, 2004, should again be dismissed with prejudice pursuant to
17 this Court's prior order, 2) Plaintiff's attempts at recovering monetary damages for constitutional
18 violations is barred, as held in this Court's prior order, and 3) Plaintiff's Amended Complaint fails
19 to allege sufficient facts to support his constitutional claims based on events after April 28, 2004.
20 Dkt. 38-1.

### II.  DISCUSSION

#### A.  STANDARD

On a motion to dismiss, a court may dismiss a claim if it appears beyond doubt that the plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983) (*citing Conley v. Gibson*, 355 U.S. 41, 45-56 (1957)). Dismissal may be based on either the lack of a cognizable legal theory or the

ORDER - 4

absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). However, a plaintiff must plead factual allegations with specificity; vague and conclusory allegations of fact fail to state a claim for relief. *Colburn v. Upper Darby Township*, 838 F.2d 663, 666 (3rd Cir. 1988).

### B. *RES JUDICATA* - CLAIMS RELATING TO EVENTS PRIOR TO THE APRIL 2004 DISMISSAL

*Res judicata* (claim preclusion) bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action. *Western Radio Servs. Co. v. Glickman,* 123 F3d. 1189, 1192 (9th Cir. 1997) (*citing Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398 (1981)). "In order for *res judicata* to apply there must be: 1) an identity of claims, 2) a final judgment on the merits, and 3) identity or privity between parties." *Id*. (*citing Blonder-Tongue Lab. v. University of Ill. Found.,* 402 U.S. 313, 323-24 (1971)). "The central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts." *Frank v. United Airlines, Inc.,* 216 F.3d 845, 851 (9th Cir. 2000)(*internal citations omitted*).

To the extent Plaintiff is making claims in the Amended Complaint based upon events occurring before the April 28, 2004 order dismissing case No. C03-1418RSL, they are barred by *res judicata*. Plaintiff does not meaningfully dispute Defendants' motion regarding these claims. The analysis dismissing claims based upon events occurring before April 28, 2004 is in the prior order granting Defendants' Motion to Dismiss, (Dkt. 35) and is adopted here.

### C. CLAIMS RELATING TO EVENTS AFTER THE APRIL 2004 DISMISSAL

#### 1. *Non-Constitutional Claims*

Defendants argue that Plaintiff's fraud claims, based on events after April 28, 2004, should be dismissed because this Court generally lacks jurisdiction to review the merits of claims under the FECA, and because Plaintiff has not exhausted his administrative remedies.

ORDER - 5

Federal court review of the merits of Plaintiff's FECA claim is generally precluded by 5 U.S.C. § 8128(b). *See Rodrigues v. Donovan*, 769 F.2d 1344 (9th Cir. 1985). Under 5 U.S.C. § 8128(b), a decision by the Secretary of Labor (or his designee) in allowing or denying payment is not subject to review by another official of the United States or by a Court by mandamus or otherwise. The Ninth Circuit has determined that federal courts do retain jurisdiction to review substantial constitutional claims or claims for violation of a clear statutory mandate or prohibition. *Markham v. United States*, 434 F.3d 1185, 1187 (9th Cir. 2006).

To the extent that Plaintiff is attempting to urge the Court to overturn the Defendants' denial of his claim for FECA benefits since April 28, 2004 due to fraud or negligence, his claims should be dismissed because the Court has no jurisdiction upon which to act. These are not substantial constitutional claims and Plaintiff has not articulated a violation of a clear statutory mandate. Because this Court does not have jurisdiction to review these claims regarding the denial of Plaintiff's FECA claim for benefits, it will not reach whether Plaintiff has failed to exhaust his administrative remedies.

2. *Constitutional Claims*

To the extent that Plaintiff is alleging his constitutional rights were violated since April 28, 2004, in the denial of benefits, his claims should also be dismissed, but without prejudice.

Plaintiff's equal protection claim should be dismissed. To establish a violation of equal protection, a plaintiff must show that he or she received treatment invidiously dissimilar to that received by others outside of his protected class. *See Divers v. Dept. of Corrections*, 912 F.2d 191, 193 (8th Cir. 1990). In addition, a Plaintiff must demonstrate that defendants acted with the intent to discriminate. *Sischo-Nownejad v. Merced Community College Dist.*, 934 F.2d 1104, 1112 (9th Cir. 1991). Plaintiff does not allege adequate facts in his Amended Complaint which support his equal protection claim. Plaintiff merely indicates that he is a member of a protected class (he is black) and states that his equal protection rights were violated. Dkt. 35. Accordingly, Plaintiff's equal protection claim should be dismissed.

ORDER - 6

Plaintiff's due process claim should be dismissed. FECA establishes a comprehensive and exclusive workers' compensation scheme for federal employees. *Markham,* at 1187. Claims of entitlement to federal disability payments are a government created property interest. *Raditch v. United States,* 929 F.2d 478, 480 (9th Cir. 1991). "When a government-created property interest is at stake, due process principles require at least notice and an opportunity to respond in some manner, whether in writing or at an oral hearing, before termination of that interest." *Id.*

Plaintiff fails to allege sufficient facts in his Amended Complaint which support his due process claim. He alleges that the medical evidence establishes he is entitled to benefits and Defendants' denial violated his due process rights. *Id*. In his Response, Plaintiff argues that OWCP's May 27, 2005, decision's "complete disregard of the medical evidence of [his] employment related injury and failure to present any medical evidence in opposition constituted an arbitrary and capricious denial of [his] claim in violation of [his] due process rights." Dkt. 39, at 6. This argument reaches neither of the cores of due process: notice and the opportunity to be heard, but only challenges Defendants' findings. Plaintiff further argues, in his Response, that the OWCP's May 27, 2005 decision's "consideration of materials irrelevant to [his] employment related injury and failure to give [him] the opportunity to oppose the evidence used to deny [his] claim constituted an arbitrary and capricious denial of [his] claim in violation of [his] due process rights." *Id*., at 9. Plaintiff does not allege that he did not have notice. Moreover, Plaintiff's argument that he did not have an opportunity to respond to the evidence used to deny his claim is contrary to the evidence in the record that Plaintiff appealed the May 27, 2005 decision. Dkt. 24-6, at 11-14.

Plaintiff's vague allegations of constitutional violations provide no basis for this Court to review the merits of his workers' compensation claims.

D.   **MONETARY RELIEF**

Although Plaintiff was cautioned in the prior order dismissing his first complaint that monetary damages were not available where the United States and its agencies have not waived

ORDER - 7

sovereign immunity, he requested $5,000,000.00 in damages in his Amended Complaint. Dkt. 35. Plaintiff has failed to cite to any evidence that the Defendants here have waived their sovereign immunity, or any authority which indicates that he is entitled to monetary relief. Plaintiff concedes in his Response that the "relief granted may be limited to ordering the OWCP to conduct a fair hearing." Dkt. 39, at 14. Defendants' motion to dismiss the portion of Plaintiff's Amended Complaint which seeks $5,000,000.00 in damages should be granted.

## II. ORDER

Therefore, it is now **ORDERED** that:

- Defendants' Motion to Dismiss (Dkt. 38-1) is **GRANTED**. This case is **DISMISSED**.
- The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

DATED this 6th day of October, 2006.

*Robert J. Bryan*
Robert J. Bryan
United States District Judge

ORDER - 8